**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|                        |   |                        |
|------------------------|---|------------------------|
|                        | * |                        |
| **DEBORAH EL-BEY,**    |   |                        |
|                        | * |                        |
|       **Plaintiff,**   |   |                        |
| **v.**                 | * | **Case No.: GJH-14-3784** |
|                        |   |                        |
| **JOHN ROGALSKI, JR.** | * |                        |
|                        |   |                        |
|       **Defendant.**   | * |                        |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This is an action brought by pro se Plaintiff Deborah El-Bey ("Plaintiff") against

Defendant John Rogalski ("Defendant"), an accountant employed by Plaintiff's employer,

Dunkirk Family Dentistry, for various causes of action relating to Defendant's refusal to process

Plaintiff's Form W-4 on which she claimed she was exempt from paying federal income taxes.

Defendant has filed a motion to dismiss. *See* ECF No. 6. Additionally, Plaintiff has filed a

motion for entry of default judgment and default summary judgment. *See* ECF No. 8. A hearing

is not necessary. *See* Loc. R. 105.6 (Md.). For the reasons discussed more fully below,

Defendant's motion to dismiss is GRANTED and Plaintiff's motion for entry of default

judgment and default summary judgment is DENIED.

**I.      BACKGROUND**

Plaintiff, who claims affiliation with the Moorish-American community, has sued

Defendant for refusing to process her Form W-4. *See* ECF No. 1 at 1-4 ¶¶ 1-9. Specifically, on

November 11, 2014, Plaintiff submitted a new Form W-4 to Defendant in order to update her

name (which had been legally changed), as well as her federal income tax withholding status.

*See id.* at 5. On Plaintiff's new Form W-4, she indicated that she was legally exempt from paying any federal income taxes. *See* ECF No. 1-2.  Upon receipt of Plaintiff's updated Form W-4, Defendant contacted the Internal Revenue Service ("IRS") to seek its opinion on Plaintiff's claimed entitlement to exempt status. *See* ECF No. 6-2. The IRS informed Defendant that Plaintiff was not entitled to her claimed status and that Defendant "must begin withholding income tax from [Plaintiff's] wages . . . ." *Id.*  Based on the IRS's directive, Defendant refused to accept Plaintiff's updated Form W-4 and continued to withhold federal income taxes from Plaintiff's paychecks. *See* ECF No. 1 at 3 at ¶¶ 6-7. Plaintiff therefore instituted the instant lawsuit against Defendant which seeks various forms of equitable relief.  Defendant has filed a motion to dismiss. For the reasons stated below, the Court will GRANT Defendant's motion.

## II.    DISCUSSION

### A.    Motion for Entry of Default and Default Summary Judgment

Prior to addressing Defendant's motion to dismiss, the Court must address Plaintiff's motion for entry of default and default summary judgment. *See* ECF No. 8. According to Plaintiff, she is entitled to entry of default because Defendant did not file his answer within twenty-one (21) days of being served with the complaint. *See id.*

Ordinarily, a response to a complaint must be filed within twenty-one days of the date the defendant was served with the complaint. *See* Fed.R.Civ.P. 12(a). A defendant may, however, file a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). When a motion to dismiss is filed pursuant to Fed.R.Civ.P. 12(b)(6), the defendant's time to file a responsive pleading to the complaint is automatically extended until fourteen (14) days after notice of the court's decision on the motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A).

2

Here, Defendant was served with the complaint on December 29, 2014. *See* ECF No. 5. Defendant therefore had until January 20, 2015 to file an answer or otherwise move to dismiss. *See* Fed.R.Civ.P. 12(a)(4)(A). Ultimately, Defendant filed a motion to dismiss on January 16, 2015. *See* ECF No. 6. Thus, Defendant was not required to answer Plaintiff's complaint until fourteen days after the Court ruled on its motion. Because that date has not yet arrived, Plaintiff's motion for default is premature and must therefore be denied.

> **B.  Motion to Dismiss**

Turing to the merits of Plaintiff's complaint, Plaintiff seeks various forms of equitable relief arising from Defendant's refusal to process her updated Form W-4.  Defendant has moved to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if it "fails to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  To that end, the Court bears in mind the requirements of Fed.R.Civ.P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678-79.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*. at 663. Here, Plaintiff's claims are facially implausible.

### 1.   Constitutional Claims

First, Plaintiff contends that Defendant violated her due process rights by refusing to process her updated Form W-4. *See* ECF No. 1 at 5 at ¶ 3. Of course, only governmental actors can violate constitutional due process rights. *See*, *e.g.*, *Edmonson v. Leesville Concrete* Co., Inc., 500 U.S. 614, 619 (1991) (*citing Nat. Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)) ("The Constitution's protections of individual liberty and equal protection apply in general only to action by the government."); *Canadian Transp. Co. v. United States*, 663 F.2d 1081, 1093 (D.C. Cir. 1980) ("[P]rivate citizens, acting in their private capacities, cannot be guilty of violating due process rights. The Fifth Amendment is a restraint on the federal government, not on private citizens."); *Jenkins v. Gaylord Entm't Co.*, Case No.11-02869, 2012 WL 11001, at *9 (D. Md. Jan.3, 2012) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)) ("there must be a 'sufficiently close nexus' between the state and the private entity's contested action such that the private entity's action 'may be fairly treated as that of the [s]tate itself'"). Plaintiff's complaint, however, is devoid of any allegations creating a plausible inference that one could fairly attribute Defendant's action to the state. Indeed, Plaintiff's complaint expressly alleges that, at all relevant times, Defendant was acting in his private capacity as an accountant in a privately owned family dentistry practice. *See* ECF No. 1 at 2 at ¶ 4.  The Court must therefore dismiss Plaintiff's due process claim.

Next, Plaintiff contends that Defendant has engaged in "human trafficking/slave trading/de-nationalization" in violation of Section 12 of the "Original Thirteenth Amendment to the Constitution . . . ." ECF No. 1 at 7 at ¶ 7. Section 12 of the "original thirteenth amendment"

on which Plaintiff relies refers to an amendment originally proposed by Senator Saulsbury which reads: "The traffic in Slaves with Africa is hereby forever prohibited on pain of death and the forfeiture of all the rights and property of persons engaged therein; and the descendants of Africans shall not be citizens." That proposed section, however, did not become a part of the Thirteenth Amendment, or any other part of the Constitution. Defendant could therefore not have violated this section of the Thirteenth Amendment. *See Momient-El v. State of Ill.*, No. 92 C 3599, 1992 WL 220586, at *1 (N.D. Ill. Sept. 4, 1992) (dismissing Thirteenth Amendment claim based on Senator Saulsbury's proposed amendment where the plaintiff "neglects to mention [] that the proposed amendment, with its twenty sections, was defeated on the same day Senator Saulsbury made his motion"). Nor could Defendant have violated the Thirteenth Amendment in its adopted form.

The Thirteenth Amendment provides, in pertinent part:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

U.S. Const. amend. XIII, § 1. Put simply, Plaintiff has not alleged any facts to suggest that she has been the victim of slavery or involuntary servitude. Plaintiff's Thirteenth Amendment claim therefore fails for this additional reason.

### 3. Criminal Claims

Plaintiff has also brought claims for conspiracy against rights under 18 U.S.C. §§ 241 and 242. These are criminal statutes, however, and therefore provide for no private right of action. *See Taccino v. City of Cumberland, Md.*, No. 09-2703, 2010 WL 3070146, at *2 (D. Md. Aug. 5, 2010) ("While criminal penalties may arise under [18 U.S.C. § 241], there is no authority given for private citizens to bring a civil suit for damages under this provision."); *Fromal v. Lake*

*Monticelle Owners' Ass'n., Inc.*, No. 05-00067, 2006 WL 167894, at *1 (W.D. Va. Jan. 23, 2006) (recognizing that "18 U.S.C. §§ 241 and 242 and 18 U.S.C. § 1341 are criminal statutes and create no private rights of action"), *aff'd sub nom. Fromal v. Lake Monticello Owners' Ass'n Inc.*, 223 F. App'x 203 (4th Cir. 2007). As such, the Court must dismiss Plaintiff's claims brought under 18 U.S.C. §§ 241 and 242.

### 4.      Violation of the Internal Revenue Code – 26 U.S.C. § 3402

Next, Plaintiff contends that Defendant has violated 26 U.S.C. § 3402 of the Internal Revenue Code by withholding federal income taxes in an amount different than what she requested. *See* ECF No. 1 at 6-7 at ¶¶ 4-6. However, § 3402, which requires employers to withhold income taxes, does not create a private right of action for citizens. *See e.g.*, *Rumfelt v. Jazzie Pools, Inc.*, No. 11-217, 2011 WL 2144553, at *6 (E.D. Va. May 31, 2011) (recognizing "there is no private right of action permitting employees to sue employers for failing to withhold taxes"); *Spilky v. Helphand*, No. 91-3045, 1993 WL 159944, at *4 (S.D.N.Y. May 11, 1993) (concluding that "there is no evidence that Congress intended to provide a private cause of action under [§ 3402 of]  the Internal Revenue Code for an employee who alleges that his employer failed to make the required withholdings and contributions"); *DiGiovanni v. City of Rochester*, 680 F. Supp. 80, 83 (W.D.N.Y. 1988) ("The language of §[] 3402 . . . does not suggest that th[is] statute[] [was] intended to create federal rights for the especial benefit of a class of employees, but rather that [it was] intended to benefit the Government through outlining a general scheme for the withholding of tax from wages."). Accordingly, Plaintiff's claim for a violation of § 3402 must be dismissed.

5.      **Equitable Relief**

Finally, Plaintiff seeks various forms of equitable relief, including (1) an order "requiring . . . Defendant [] to accept [her] W-4 withholding exemption with her new . . . exemption status"; (2) an "injunction prohibiting [] Defendant from withholding [Plaintiff's] wages"; and (3) an order "directing [] Defendant to pay [Plaintiff] $950 in restitution for the wages illegally withheld by [] Defendant." ECF No. 1 at 9 at ¶¶ 1-3. At their core, these requests are all premised on Plaintiff's erroneous belief that she is not obligated to pay federal income taxes because of her claimed association with the Moorish-American community. *See* ECF No. 1-3. Of course, the law does not support such a position. "All persons in the United States who receive earned income or remuneration or unearned income are required to file tax returns and, if the income is sufficient, must pay taxes." *Bey v. City of New York D.O.C.*, No. 97-4866 (RPP), 1997 WL 576090, at *2 (S.D.N.Y. Sept. 17, 1997). Plaintiff is no different. Nor has she demonstrated any legal entitlement to the tax exemption that she claims. Although she may dislike it, "[t]he withholding of taxes from one's wages is simply a recognized aspect of life." *El Bey v. MTA/New York*, No. 00-2504, 2001 WL 487410, at *2 (S.D.N.Y. May 8, 2001). Accordingly, the Court must deny Plaintiff's requested equitable relief.

III.    **CONCLUSION**

For the reasons stated above, the Court will grant Defendant's motion to dismiss and will deny Plaintiff's motion for entry of default and default summary judgment.

Dated: <u>March 24, 2015</u>                           <u>         /S/         </u>
                                                         George Jarrod Hazel
                                                         United States District Judge